EXHIBIT C

**Preparation of Letters Rogatory**

Disclaimer: The information in this circular relating to the legal requirements of specific foreign countries is provided for general information only and may not be totally accurate in a particular case. Questions involving interpretation of specific foreign laws should be addressed to foreign counsel. This circular seeks only to provide information; it is not an opinion on any aspect of U.S., foreign, or international law. The U.S. Department of State does not intend by the contents of this circular to take a position on any aspect of any pending litigation.

Law, Regulations & Public Policy

Information for Americans Abroad

Consular Notification and Access

Citizenship and Nationality

Legal and Public Policy Information

Family Issues

Law Enforcement Issues

Summary
Country Specific Information
Time Frame for Execution of Letters Rogatory
Letters Rogatory Checklist
Drafting Letters Rogatory
Signature and Authentication
Translation
Number of Copies
Fees
Transmittal to Department of State
Transmittal by Department of State to Foreign Authorities Through Diplomatic Channel
Execution of Letters Rogatory by Foreign Court
Return of Letters Rogatory
Authority
Questions
Reference
Sample Letters Rogatory

**Summary:** Letters rogatory are the customary method of obtaining judicial assistance from abroad in the absence of a treaty or executive agreement. Letters rogatory are requests from courts in one country to the judiciary of a foreign country requesting the performance of an act which, if done without the sanction of the foreign court, could constitute a violation of that country's sovereignty. Letters rogatory may be used in countries where multi-lateral or bilateral treaties on judicial assistance are not in force to effect service of process or to obtain evidence if permitted by the laws of the foreign country. 22 CFR 92.54 provides a definition of letters rogatory.

**Country Specific Information:** See the Department of State's country specific judicial assistance information on our Internet page.

**Time Frame for Execution of Letters Rogatory:** Execution of letters rogatory may take a year or more worldwide. Letters rogatory are customarily transmitted via the diplomatic channel, a time-consuming means of transmission. The time involved may be shortened by transmitting a copy of the request through local legal counsel if permitted in the foreign country. Lists of foreign attorneys are available on the Internet pages of the consular sections of U.S. embassies and consulates abroad.

**Letters Rogatory Checklist:**

> First, review the country specific judicial assistance information on the Department of State internet page.
> Then review U.S. state or federal law on the subject.
> See suggested text for letters rogatory at the end of this guidance.
> After you prepare your draft, consider whether a judge in a foreign country speaking another language will understand what you are requesting.
> You will then need to secure the signature of a judge in the United States on your Letters rogatory.
> Next, obtain any necessary authentications specified in the Department of State country specific information.
> If the language of the country where the letters rogatory are to be presented is not English, you will need to obtain a certified translation of the letters rogatory and any supporting documents and prepare the entire package in duplicate for transmittal to the U.S. Department of State.

**Suggestions for Drafting Letters Rogatory:**

> Letters rogatory should be written in simple, non-technical English and should not include unnecessary information which may confuse a court in the receiving foreign country.

country to execute the request. Try not to use phrases such as any and all documents.

If particular procedures to be followed by the foreign court are preferable, include the specifics in the letters rogatory (for example, verbatim transcript, place witness under oath, permission for U.S.or foreign counsel to attend or participate in proceedings if possible, etc.)

The letters rogatory should be addressed To the Appropriate Judicial Authority of **(Insert name of Country)**.

The form of letters rogatory depends on the country to which it is addressed and the assistance being sought. Some countries have statutory guidelines for granting assistance. See our country specific judicial assistance information .

**Essential elements of letters rogatory:**

- A statement that a request for international judicial assistance is being made in the interests of justice;
- A brief synopsis of the case, including identification of the parties and the nature of the claim and relief sought to enable the foreign court to understand the issues involved;
- The type of case [e.g. civil, criminal, administrative];
- The nature of the assistance required [compel testimony or production of evidence; service of process];
- Name, address and other identifiers, such as corporate title, of the person abroad to be served or from whom evidence is to be compelled, documents to be served;
- A list of questions to be asked, where applicable, generally in the form of written interrogatories;
- A list of documents or other evidence to be produced;
- A statement from the requesting court expressing a willingness to provide similar assistance to judicial authorities of the receiving state;
- Statement that the requesting court or counsel is willing to reimburse the judicial authorities of the receiving state for costs incurred in executing the requesting court's letters rogatory.

**Signature and Authentication:** Letters rogatory must be signed by a judge. The clerk should not sign on behalf of the judge. For most countries, the seal of the court and signature of the judge is sufficient. Consult our country-specific information for guidance about authentication procedures for particular countries. Many countries will not accept letters rogatory issued by an Administrative Law Judge. In administrative cases, it is possible to obtain letters rogatory issued by a federal district court under the All Writs Act, 28 U.S.C. 1651.

**Translation:** The letters rogatory and any accompanying documents must be translated into the official language of the foreign country. The translator should execute an affidavit as to the validity of the translation before a notary.

**Number of Copies:** Forward to the U.S. Department of State for transmittal to the foreign authorities:

- The original English version bearing the seal of the court and signature of the judge [or a certified copy]; a photocopy of the English.
- The original translation and a photocopy of the translation.
- The original documents will be served upon the designated recipient or deposited with the foreign court in connection with a request for evidence, and the copies returned to the court in the U.S. as proof of execution.
- For requests involving multiple witnesses in diverse locations, either prepare a separate letters rogatory for each witness, or provide a certified copy of the single letters rogatory (plus translation and duplicate copy noted above) for each witness. The foreign country may assign the matter to different courts.

**Fees:** The current consular fees for transmittal of letters rogatory are available in 22 CFR 22.1 Schedule of Fees. Counsel are requested to submit a certified bank check payable to the U.S. Embassy (insert name of capital of the foreign country, for example, U.S. Embassy Tokyo). **Corporate or personal checks are not acceptable.** Foreign authorities may also charge a fee. Counsel will be notified by the U.S. embassy and/or the Office of American Citizens Services and Crisis Management in the Department of State if the embassy is advised by foreign authorities of any applicable local fees. There is no consular fee for letters rogatory on behalf of federal, state or local government officials. If the letters rogatory request compulsion of evidence from more than one witness or service of process on more than one person, multiple fees may be charged if more than one foreign court is required to execute the

(CA/OCS/ACS), U.S. Department of State, SA-29 4 th Floor, 2201 C Street NW, Washington, DC 20520-0001. Phone 1-888-407-4747.

**Cover Letter:** The documents should be accompanied by a cover letter including the following elements:

- Name of case;
- Docket number;
- Foreign country;
- Nature of request: (service of process; compulsion of testimony; production of documents, etc.)
- Person to be served or from whom evidence is to be obtained: (name and address mandatory, phone number if possible.)
- Mailing address of U.S. court to which the executed letters rogatory should be returned:
- Special Instructions: (Example, Federal Express account number; U.S. hearing/trial date, etc.)
- Fee enclosed
- Deposit (if required) enclosed:
- Statement of responsibility for additional costs incurred in excess of the required deposit which accompanies the letter.
- Local foreign counsel (if any): (name and address, phone number)
- Name, address, telephone, fax number and email address of requesting attorney in United States.

**Transmittal of Letters Rogatory by Department of State to the Foreign Authorities through Diplomatic Channel:** Letters rogatory generally are transmitted to foreign judicial authorities through the diplomatic channel. The diplomatic channel is a route by which the documents are sent to the foreign court. The normal process is as follows:

- Letters rogatory transmitted by court or counsel to Department of State;
- Letters rogatory transmitted by Department of State to U.S. Embassy;
- Letters rogatory transmitted to Ministry of Foreign Affairs by U.S. Embassy;
- Letters rogatory transmitted to Ministry of Justice by Ministry of Foreign Affairs;
- Letters rogatory transmitted to Foreign Court by Ministry of Justice.

**Execution of Letters Rogatory by the Foreign Court:** The foreign court will execute letters rogatory in accordance with the laws and regulations of the foreign country. In compelling evidence, for example, many foreign courts do not permit foreign attorneys to participate in their court proceedings. Not all foreign countries utilize the services of court reporters or routinely provide verbatim transcripts. Sometimes the presiding judge will dictate his or her recollection of the witness' responses.

**Return of Executed Letters Rogatory:** When letters rogatory are executed by the foreign authorities, they are generally returned to the Department of State via the diplomatic channel and the Office of American Citizens Services will send them to the requesting court in the United States via certified mail. Requesting counsel is also notified. At the request of the court, the executed letter rogatory and proof of service/evidence produced can be returned directly to requesting counsel. If transmittal by commercial express delivery service is preferred, please include your account number in the covering letter.

**Authority:** The issuance of letters rogatory by federal courts is provided for under Rule 28(b) Fed. R. Civ. P. and Rule 4(f)(2)(B), Fed. R. Civ. P . Letters rogatory have also been issued under the All Writs Act, 28 U.S.C. 1651. 28 U.S.C. 1781 and 28 U.S.C. 1782 describe the transmittal of letters rogatory through the Department of State and through the district courts; 28 U.S.C. 1696 provides for the use of letters rogatory for service of process pursuant to a request by a foreign tribunal; Consular procedures for transmittal of letters rogatory are detailed in 22 CFR 92.66: Article 5(j), Vienna Convention on Consular Relations, 21 U.S.T. 77, 596 UNTS 261; TIAS 6820 (where applicable); and Bilateral Consular Conventions (where applicable.)

**Questions:** Additional questions regarding letters rogatory should be addressed to the appropriate geographic division of the Office of American Citizens Services, Tel: 1-888-407-4747.

**Selected Reference:**

American Bar Association, Obtaining Discovery Abroad (2006).

Born and Rutlege, International Civil Litigation in United States Courts, Aspen

McClean, David, International Co-operation in Civil and Criminal Matters, Oxford University Press (2002).

Ristau, Bruno, International Judicial Assistance, Civil and Commercial, International Law Institute (1995).

EXAMPLE - LETTERS ROGATORY

SAMPLE REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE

NAME OF COURT IN SENDING STATE REQUESTING JUDICIAL ASSISTANCE

NAME OF PLAINTIFF

DOCKET NUMBER

V.

NAME OF DEFENDANT

REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)

(NAME OF THE REQUESTING COURT) PRESENTS ITS COMPLIMENTS TO THE APPROPRIATE JUDICIAL AUTHORITY OF (NAME OF RECEIVING STATE), AND REQUESTS INTERNATIONAL JUDICIAL ASSISTANCE TO (OBTAIN EVIDENCE/EFFECT SERVICE OF PROCESS) TO BE USED IN A (CIVIL, CRIMINAL, ADMINISTRATIVE) PROCEEDING BEFORE THIS COURT IN THE ABOVE CAPTIONED MATTER. A (TRIAL/HEARING) ON THIS MATTER IS SCHEDULED AT PRESENT FOR (DATE) IN (CITY, STATE, COUNTRY).

THIS COURT REQUESTS THE ASSISTANCE DESCRIBED HEREIN AS NECESSARY IN THE INTERESTS OF JUSTICE. THE ASSISTANCE REQUESTED IS THAT THE APPROPRIATE JUDICIAL AUTHORITY OF (NAME OF RECEIVING STATE) (COMPEL THE APPEAR OF THE BELOW NAMED INDIVIDUALS TO GIVE EVIDENCE/PRODUCE DOCUMENTS) (EFFECT SERVICE OF PROCESS UPON THE BELOW NAMED INDIVIDUALS).

(NAMES OF WITNESSES/PERSONS TO BE SERVED)

(NATIONALITY OF WITNESSES/PERSONS TO BE SERVED)

(ADDRESSED OF WITNESSES/PERSONS TO BE SERVED)

(DESCRIPTION OF DOCUMENTS OR OTHER EVIDENCE TO BE PRODUCED)

FACTS

(THE FACTS OF THE CASE PENDING BEFORE THE REQUESTING COURT SHOULD BE STATED BRIEFLY HERE, INCLUDING A LIST OF THOSE LAWS OF THE SENDING STATE WHICH GOVERN THE MATTER PENDING BEFORE THE COURT IN THE RECEIVING STATE.)

(QUESTIONS)

(IF THE REQUEST IS FOR EVIDENCE, THE QUESTIONS FOR THE WITNESSES SHOULD BE LISTED HERE).

(LIST ANY SPECIAL RIGHTS OF WITNESSES PURSUANT TO THE LAWS OF THE REQUESTING STATE HERE).

(LIST ANY SPECIAL METHODS OR PROCEDURES TO BE FOLLOWED).

(INCLUDE REQUEST FOR NOTIFICATION OF TIME AND PLACE FOR EXAMINATION OF WITNESSES/DOCUMENTS BEFORE THE COURT IN THE RECEIVING STATE HERE).

RECIPROCITY

THE REQUESTING COURT SHOULD INCLUDE A STATEMENT EXPRESSING A WILLINGNESS TO PROVIDE SIMILAR ASSISTANCE TO JUDICIAL AUTHORITIES OF THE RECEIVING STATE.

REIMBURSEMENT FOR COSTS

THE REQUESTING COURT SHOULD INCLUDE A STATEMENT EXPRESSING A WILLINGNESS TO REIMBURSE THE JUDICIAL AUTHORITIES OF THE RECEIVING

TYPED NAME OF REQUESTING JUDGE
NAME OF REQUESTING COURT
CITY, STATE, COUNTRY

DATE

(SEAL OF COURT)