EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TELENOR MOBILE COMMUNICATIONS AS,

          Petitioner,

   -v.-

STORM LLC,

          Respondent,

ALTIMO HOLDINGS & INVESTMENTS,
LIMITED, ALPREN LIMITED, and HARDLAKE
LIMITED,

          Additional Contemnors.

------------------------------------------------------------x

07 Civ. 6929 (GEL)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/11/09

GERARD E. LYNCH, District Judge:

For the reasons stated on the record in open court today, it is hereby ORDERED:

1. Storm's motion for an order approving its "action plan" and finding it in substantial compliance with this Court's Order of November 19, 2008 (Doc. #105) is denied.

2. Telenor's cross-motion to hold Storm and the additional contemnors (the "Altimo Entities") in contempt (Doc. #110) is granted.

3. Storm and its alter egos the Altimo Entities are in contempt of this Court's Order of November 19, 2008, in that they have willfully failed to deposit Storm's shares of Kyivstar with the Clerk of Court as ordered.

4. To compel compliance, Storm and the Altimo Entities will be fined, jointly and severally, commencing tomorrow, $100,000 per day, doubling to $200,000 per day thirty days thereafter, and to $400,000 per day thirty days after that, and continuing to double every thirty days until such deposit is made.

5. Storm and the Altimo Entities are directed to secure dismissal of the EC Venture Action by March 23, 2009.

6. If Storm and the Altimo Entities fail to comply with the dismissal order, further

and additional fines of $100,000 per day, doubling to $200,000 per day thirty days thereafter, and to $400,000 per day thirty days after that, and continuing to double every thirty days will commence on March 24, 2009.

7. Storm and the Altimo Entities are ordered once again to comply with the divestiture provisions of the Court's November 2, 2007 Order as directed by the Court of Appeals, by March 23, 2009. If such compliance is not forthcoming, the Court will assess additional fines in an amount and on a schedule to be determined.

8. Storm and the Altimo Entities are jointly and severally ordered to pay Telenor's costs and attorneys' fees in connection with the present application for a contempt order.

9. Storm's and the Altimo Entities' oral application for a stay of this Order pending appeal is denied.

SO ORDERED.

Dated: New York, New York
       March 11, 2009

GERARD E. LYNCH
United States District Judge

```
                                                             1
     93BAATELD              Decision
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   TELENOR MOBILE COMMUNICATIONS
 3   AS,
 4
 4               Plaintiff,
 5
 5         v.                              07 CV 6929 (GEL)
 6
 6   STORM LLC.,
 7
 7               Defendant.
 8
 8   ------------------------------x
                                           New York, N.Y.
 9                                         March 11, 2009
 9                                         11:00 a.m.
10
10
11   Before:
11
12                  HON. GERARD E. LYNCH,
12
13                                    District Judge
13
14                       APPEARANCES
14
15   ORRICK HERRINGTON & SUTCLIFFE LLP
15         Attorneys for Plaintiff Telenor
16   BY:   ROBERT L. SILLS
16         JAY KEVIN MUSOFF
17         PETER O'DRISCOLL
17         KAREN THOMPSON
18
18   CRAVATH SWAINE & MOORE LLP
19         Attorneys for Defendant Storm
19   BY:   RONALD S. ROLFE
20         TARA TUNE
20
21   LOVELLS LLP
21         Attorneys for Defendant Storm
22   BY:   PIETER VAN TOL
22         SEAN THOMPSON
23         ERIC STALTMAN
23
24
25
                   SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

```
                                                             2
     93BAATELD              Decision
 1         (Case called)
 2         THE COURT:  The first order of business is for me to
 3   apologize.  There was a bit of a subway debacle and I made the
 4   wrong choice of thinking that a cab would be more beneficial
 5   than finding the nearest working subway and so I was trapped in
 6   traffic.  So I'm sorry to keep everyone waiting.
```

```
 7              I have carefully read the papers in the motion by
 8    Storm for a declaration that it is in substantial compliance
 9    with this Court's previous orders and the cross motion by
10    Telenor for a finding of contempt. I don't think there is a
11    need for oral argument and I think it's clear that there is no
12    need for any fact hearing as to the facts are agreed or not put
13    in any issue by the parties. Throughout this long litigation
14    I've tried to maintain a dispassionate approach to the case.
15    At every stage despite mounting evidence and the escalating
16    conclusion that Storm and its affiliates have engaged in a
17    determined effort to avoid complying with Storm's contractual
18    obligations frustrated the award of the arbitration panel and
19    defy the orders of this Court, I have reviewed each motion on
20    its own merits open to the possibility each time that Storm may
21    finally have a have attempted compliance and that Telenor may
22    this time be overreaching. Indeed, I have to say that I went
23    into the current round of briefing, if anything, with a certain
24    bias against Telenor. Storm, after all, was maintaining that
25    it had substantially complied. I have difficulty believing
                  SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

                                                                    3

```
      93BAATELD              Decision
 1    that Storm would not be prepared, at long last, to comply with
 2    the Court's orders; and if Storm was in substantial compliance,
 3    must not Telenor be insisting on some hyper technical
 4    objections or attempting to push its adversary into a position
 5    of contempt? No judge likes to hold people in contempt and I
 6    had hoped that my prior order had finally put this case to
 7    rest. A review of the papers, however, leads to the
 8    infuriating conclusion that Storm simply has not done what it
 9    was ordered to do by this Court, and by the Court of Appeals.
10    It is in contempt.
11              Let me return to the order that was entered by this
12    Court on November the 19th, 2008. Telenor had asked that Storm
13    be held in contempt for failure to comply with the corporate
14    governance and divestiture provisions of this Court's order of
15    November 2, 2007. The Court held that Storm was in contempt of
16    the corporate governance provisions, and imposed escalating
17    coercive fines. With respect to the divestiture provisions,
18    the Court bent over backward to avoid finding Storm in
19    contempt. Notwithstanding that every one of the defenses and
20    arguments made by Storm was found to be without merit, the
21    Court declined to find Storm in contempt on this front and
22    simply order it, yet again, to comply with the divestiture
23    order. At the same time, in order to guarantee that
24    compliance, the Court further directed Storm to deposit its
25    shares of Kyivstar with the Clerk of the Court, so that if
                  SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300
```

                                                                    4

```
      93BAATELD              Decision
 1    Storm once again failed to divest, the Court would be in a
 2    position to order the immediate transfer of the stock to
 3    Telenor as called for by the contract.
 4              Specifically, the Court ordered Storm to "within seven
 5    days, deposit all of its Kyivstar shares, together with an
 6    executed blank share transfer form, with the Clerk of the
 7    Court, in order to secure compliance with the Divestiture
 8    Provision of the Final Award," and "within 90 days, to share
```

```
 9    its share in Kyvistar" or otherwise comply with the Divestiture
10    Provision. 587 F.Supp 2d at 622.
11            It is now apparent that I was naive, perhaps foolish.
12    Storm complied with the corporate disclosure requirements,
13    under the gun of contempt sanctions. Without that incentive,
14    Storm has not remotely complied with the Court's orders with
15    respect to depositing its shares with the clerk. It is now
16    crystal clear that there is only one language that Storm and
17    its affiliates understands, and only one way to secure
18    compliance. Nothing else works. And I am finished trying to
19    come up with restrained responses to Storm's defiance. It is
20    time to do what it takes to secure compliance.
21            Following the Court's order, Storm moved for
22    reconsideration. As usual, its motions were without merit and
23    was soundly rejected on December 3, 2008. The Court did not in
24    any way modify or retract its order that the shares be
25    deposited with the Clerk of the Court. The Court emphasized
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

5

```
      93BAATELD              Decision
 1    that Storm's claim that electronic shares could not literally
 2    be deposited with the Court did not warrant a modification of
 3    the order. The Court called Storm's argument "frivolous" and
 4    emphasized that "electronic shares, like shares evidenced by
 5    certificates can be transferred, escrowed, and posted as
 6    security." Order of December 3, 2008 at page 4.
 7            The Court noted only that "to the extent that the
 8    means for effecting such a transfer or deposit might differ for
 9    electronic shares. It is incumbent on Storm to devise the
10    proper method for effecting substantial compliance with the
11    Court's order, and (if necessary) to seek such technical
12    modifications of the order as may be required." Same page of
13    the order.
14            There is no ambiguity or lack of clarity in what Storm
15    was directed to do. There was no modification of the prior
16    unambiguous clear order. Storm was not invited to do something
17    short of or different than depositing the shares with the Clerk
18    of the Court. The Court simply recognized that if the shares
19    are not embodied in physical certificates "deposit" of the
20    shares might not be the exact right word and the means for
21    accomplishing this goal might be in some purely technical sense
22    different from what would be done with physical securities or
23    share certificates. Moreover, the Court made clear that,
24    unless and until some such technical modification was made,
25    "Storm is obligated to comply with the contempt order as
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

6

```
      93BAATELD              Decision
 1    entered".
 2            Begun from the same page of the same order.
 3            As of December 33rd then the posture was clear Storm
 4    was required to deposit its shares, or do the electronic
 5    equivalent, essentially forthwith, and to divest by
 6    approximately February 19, 2009.
 7            The litigation did not stop there, however. The
 8    Court's underlying order confirming the arbitration award was
 9    on appeal to the Second Circuit when the contempt order was
10    entered. Storm, as was its perfect right, went to the Court of
```

```
11      Appeals and sought the stay of the contempt order.  That stay
12      was briefly granted by a motions panel and the appeal from the
13      contempt order was expedited and consolidated with the
14      underlying appeal, which was argued on February 4.  On February
15      17 the Court of Appeals vacated the stay.  Short of saying the
16      word "affirmed" the Court of Appeals did everything possible to
17      confirm that this Court's orders would be enforced.  Not only
18      was the stay vacated but the Court of Appeals specifically
19      ordered Storm to comply with the share-deposit requirement
20      imposed by this Court by February 20, 2009.  Not only that, but
21      Storm and the Altimo Entities were ordered to comply with the
22      divestiture requirements of the contempt order by March 23rd.
23              February 20, 2009 has come and gone, and Storm has not
24      deposited its shares with the Clerk of the Court.
25              In lieu of such compliance Storm has moved this Court
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

7

```
        93BAATELD               Decision
1       for an order accepting its so-called action plan and a finding
2       that it was in substantial compliance with this Court's
3       share-deposit order.  As indicated, I began to read these
4       materials in a state of optimism that Storm would explain that
5       it was now in substantial compliance.  One would have thought
6       that the logical way to support such a motion would be to
7       explain what exactly Storm had done and why that action
8       accomplished the Court's objective of placing the shares under
9       the control of the Clerk of the Court, so that if it became
10      necessary to transfer the shares for lack of compliance with
11      the divestiture order, the Court would be able to accomplish
12      such a transfer without further reliance on the nonexistent
13      good faith of Storm.  In other words, to explain why the
14      proposed plan was the practical equivalent of depositing shares
15      with the Clerk.
16              To my astonishment, Storm's six page memorandum of law
17      did nothing of the kind.  The reader of that memorandum would
18      have no idea of the actual contents of the so-called action
19      plan.  Instead of explaining what the plan was and why it did
20      what the Court ordered to be done, the memorandum is devoted
21      exclusively to quibbling over negotiations between Telenor and
22      Storm, and absurd and irrelevant recriminations blaming Telenor
23      for the failure to agree on a plan.
24              This argument is even more frivolous and irrelevant
25      than Storm's usual evasions.  The Court did not order Storm and
                        SOUTHERN DISTRICT REPORTERS, P.C.
                                 (212) 805-0300
```

8

```
        93BAATELD               Decision
1       Telenor to engage in lengthy debates or negotiations.  The
2       Court ordered Storm to deposit the shares or to do whatever is
3       the equivalent with electronic shares.  It was and remains up
4       to Storm to do that.  It has willfully failed to do it.
5               An examination of the action plan quickly reveals why
6       Storm wished to avoid any effort to describe how the plan
7       satisfies the Court's order.  The plan is all but
8       incomprehensible and most critically it contains no timetable
9       for doing any of the things that Storm purportedly plans to do.
10      Moreover, there is no guarantee in the plan that the evidences
11      of ownership to be provided to the Clerk would not be blocked
12      in a way that prevents their transfer.  The entire economic
```

13  point of the order is that the ownership of the shares could be
14  transferred by the Court if the divestiture order was not
15  complied with. The "action plan" is nothing more than an
16  "inaction plan". It has no substance and far from constituting
17  substantial compliance with this Court and the Court of
18  Appeal's order or proposing technical adjustments to the order
19  to accommodate the deposit of electronic shares, it is instead
20  a meaningless exercise in obfuscation. It is not a step taken
21  in god faith to avoid contempt. It is in fact prima facie
22  evidence in itself of willful disobedience to the Court's
23  orders.
24             The Court now has no alternative but to find that
25  Storm and the Altimo entities are in contempt of the Court's
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

                                                                  9
           93BAATELD                Decision
1   order of November 19, 2008.
2              Lets remember again what was at stake in the original
3   contempt litigation. Storm had been ordered to take steps to
4   divest its interests in entities that competed with Kyivstar.
5   This Court found that Storm had failed to do so, but hesitated
6   to find that the non-compliance was willful. The share-deposit
7   order is not an end in itself. It is simply a means to the end
8   of enforcing the divestiture provisions. This Court has the
9   authority to impose such a requirement in order to see to it
10  that the original divestiture order will be complied with.
11  With hindsight it is now apparent that the Court erred in not
12  finding the non-divestiture willful in the first place. Is
13  apparent that Storm in the Altimo entities have had no
14  intention of complying with the Court's order of November 2,
15  2007, and are attempting to avoid compliance by avoiding the
16  step that the Court directed be taken in order to guarantee
17  such compliance. Accordingly, the Court is obliged to take the
18  following steps:
19             First, Storm's motion for an order approving Storm's
20  so-called action plan and finding Storm in substantial
21  compliance with this Court's order of November 19, 2008 is
22  denied.
23             Second, Telenor's cross motion to hold Storm and the
24  Altimo entities in contempt is granted.
25             Third, the Court finds that Storm and its alter egos
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300

                                                                 10
           93BAATELD                Decision
1   the Altimo entities are in contempt of this Court's order of
2   November 19, 2008, in that they have willfully failed to
3   deposit Storm's shares of Kyivstar with the Clerk of the Court
4   as ordered.
5              Fourth, to compel compliance, Storm and the Altimo
6   entities will be fined jointly and severally, commencing
7   tomorrow $100,000 per day doubling to $200,000 per day 30 days
8   thereafter, and to $400,000 per day 30 days after that, and
9   continuing to double every 30 days until and unless such
10  deposit is made.
11             Fifth, Storm the Altimo entities are directed to
12  secure dismissal of the EC Venture action by March 23, 2009.
13  This measure is necessary to secure compliance with the Court's
14  orders because Storm and the affiliates and agents have

```
15   repeatedly used that action which the Court's had previously
16   found was collusive and brought at the direction of the Storm
17   affiliates, as an excuse for non compliance, or for the
18   punitive unwillingness of Storm's transfer agent to comply with
19   the share-deposit order.
20           Sixth, if respondents failed to comply with the
21   dismissal order further and additional fines of $100,000 per
22   day double doubling to $200,000 per day 30 days thereafter and
23   continuing to double every 30 days until compliance is achieved
24   will commence on March the 24th, 2009.
25           Seventh, the Storm and the Altimo entities are ordered
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

11

```
     93BAATELD              Decision
1    once again to comply with the divesture provisions of the
2    Court's November 2, 2007 order as directed by the Second
3    Circuit by March 23, 2009.  If such compliance is not
4    forthcoming the Court will assess additional fines in an amount
5    an on a schedule to be determined.
6            Eighth, the respondents are jointly and severally
7    ordered to pay Telenor's costs and attorneys' fees in
8    connection with the present application for a contempt order.
9            I believe that completes the business for which we
10   came here today.  Is there any further application by any
11   party?
12           MR. SILLS:  There is no application by Telenor, your
13   Honor.
14           MR. VAN TOL:  Your Honor, on behalf of Storm I would
15   request a stay of your Honor's order pending appeal.
16           THE COURT:  No.  The stay is denied.  The order that
17   is being enforced here was supposed to have been complied with
18   within seven days of November 19, 2008.  It is now nearly four
19   months later.  There has been no evidence of good faith
20   compliance.  Any further delay is unacceptable.  The Court of
21   Appeals itself has already made an order that Storm comply with
22   this Court's prior orders and has set its own deadlines and it
23   seems to me that if there is going to be any stay or any
24   interference what that court has ordered which is essentially
25   what I'm trying to enforce, that should come from the Second
                 SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300
```

12

```
     93BAATELD              Decision
1    Circuit.
2            I don't think there are many people in this room, if
3    any, who believe that Storm will complete a proper divestiture
4    by March the 23rd or that the Court will be in a position to
5    transfer the shares itself, if it does not unless this order is
6    promptly enforced.  That is the order for the share deposit.
7            There is simply no point in putting off the day of
8    reckoning.  If you want to go to the Second Circuit again, feel
9    free.  Perhaps you'll even be able to snow a motions panel
10   again into granting you more delay in an expedited appeal, but
11   it is certainly I my hope that any such application will be
12   referred to the panel that is already familiar with this
13   litigation, as it is after all their order that this order is
14   in part designed to vindicate.
15           So the stay is denied.  It's up to the Second Circuit
16   if there is going to be any stay pending any further appeals to
```

```
17    them.
18              MR. VAN TOL:  Understood.  Thank you, your Honor.
19              THE COURT:  Thank you very much.  Have a good day.
20                              o 0 o
21
22
23
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                              (212) 805-0300
```