IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE S. MARKS, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALFA GROUP, et al. | : | NO. 08-5651 |

MEMORANDUM

Bartle, C.J. May 11, 2009

Plaintiffs Bruce S. Marks and Marks, LLC, doing business as Marks & Sokolov, LLC, initiated this action against defendants: (1) Altimo Holdings & Investments Ltd. ("Altimo"), a holding company organized under the laws of the British Virgin Islands; (2) Crown Finance Foundation ("Crown"), a holding company organized under the laws of the Principality of Liechtenstein and incorrectly identified for docketing purposes as "Alfa Group"; and (3) Financial Dynamics, Ltd. ("Financial"), a London-based "business communications consultancy" incorporated under the laws of England and Wales.

Before us is the motion of Crown under Rule 12(b)(5) of the Federal Rules of Civil Procedure to dismiss for failure to effect proper service and the cross-motion of plaintiffs to declare service valid or to permit service by alternative means.[1]

1. Crown's motion also raises several other grounds upon which it seeks dismissal of the complaint. Those issues are not yet fully briefed, and we do not pass upon them here.

I.

A plaintiff must satisfy the procedural requirement of service of summons and a copy of the complaint before a federal court may exercise personal jurisdiction over a defendant. Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); Fed. R. Civ. P. 4. A defendant may seek to dismiss the complaint on the basis that service has not been properly made. Fed. R. Civ. P. 12(b)(5). The burden of proof is on the party asserting the validity of service. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476 (3d Cir. 1993).

Pertinent parts of Rule 4(f), which governs service upon individuals and corporations in a foreign country, allow for service of process:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means ... by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction; ... or
> >
> > (C) unless prohibited by the foreign country's law, by: ...
> >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f); see also Fed. R. Civ. P. 4(h)(2). Because Liechtenstein is not a party to the Hague Convention or any other applicable international agreement, Crown cannot be served pursuant to Rule 4(f)(1). Consequently, plaintiffs attempted to serve Crown in the method prescribed by Rule 4(f)(2)(C)(ii), that is, by having the Clerk of the United States District Court for the Eastern District of Pennsylvania send a copy of the summons and complaint via registered mail to Crown's offices in Liechtenstein on December 15, 2008. The fate of that package, which made it as far as Switzerland, is unclear. No signed receipt was ever returned. Plaintiffs then sent a second package containing a copy of the summons and complaint to Liechtenstein via FedEx. Crown does not deny that it accepted that package on January 20, 2009, as evidenced by a signed receipt.

Plaintiffs first ask that we declare valid their attempted service under Rule 4(f)(2)(C)(ii). Crown argues that the method of service described in Rule 4(f)(2)(C)(ii) and employed by plaintiffs here is "prohibited by" the laws of Liechtenstein and thus insufficient under Rule 12(b)(5). We agree with other courts in this district that "prohibited by" in that Rule allows service to be made by registered mail so long as that method is not expressly proscribed by the law of the foreign country where service is to be made. Trueposition, Inc. v. Sunon, Inc., Civ. A. No. 05-3023, 2006 WL 1686635, *13 (E.D. Pa. June 14, 2006).

The question before us is whether the law of Liechtenstein expressly prohibits service of a summons and complaint upon a resident corporation by registered mail from the Clerk of a United States District Court. Rule 44.1 of the Federal Rules of Civil Procedure states that: "In determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination must be treated as a ruling on a question of law."

Crown has provided an affidavit from Mr. Guntram Wolf, an attorney licensed to practice law in Liechtenstein. Mr. Wolf asserts that Liechtenstein law "requires that service of an international summons and complaint be made by letters rogatory."[2] In support thereof he cites §§ 27 to 29 of the Liechtenstein Code of Jurisdiction, which he describes as stating

---

2. A circular issued by the United States Department of State describes letters rogatory as follows:

> "A letter rogatory, also known as a 'letter of request,' is a request from a court in the United States to a court in a foreign country requesting international judicial assistance, which is often employed to obtain evidence abroad, but is also utilized in effecting service of process and particularly in those countries which prohibit other methods of service.... Letters rogatory are a time consuming, cumbersome process and should not be utilized unless there are no other options available. If the laws of the foreign country permit other methods of service, the use of letters rogatory is not recommended given the habitual time delays of up to a year or more in execution of the requests."

that "service of foreign judicial documents must be effected by way of mutual legal assistance [that is, letters rogatory] between the foreign and Liechtenstein courts." He also professes to "have found no precedent in Liechtenstein law that has given legal effect to service by a private party of a foreign summons and complaint sent by registered letter or courier to Liechtenstein." Lastly, Mr. Wolf cites two rulings of the Court of Appeal of Liechtenstein but does not provide the text in either English or the original German.

Section 27 of the Liechtenstein Code of Jurisdiction, which along with the other sections was submitted as part of Mr. Wolf's declaration, states in pertinent part that "the High Court of Liechtenstein shall on request provide legal assistance to foreign courts" under certain enumerated circumstances. Sections 28 and 29 further delineate the circumstances and manner in which that legal assistance in the service of process shall be provided. However, the statute does not expressly prohibit any form of service, nor does it state that service "must be effected" by letters rogatory or that Liechtenstein law "requires" that method of service for international legal documents. Consequently, Mr. Wolf's statement contradicts the underlying law which he cites.

We are also aware that the United States Department of State maintains a public list of countries for which "service [of legal documents] by registered mail should not be used." United States Dep't of State, Service of Legal Documents Abroad, May 1,

2009, http://travel.state.gov/law/info/judicial/judicial_680.html. Liechtenstein is not among the many countries on that list. Other courts have found similar information probative as to the propriety of service under Rule 4(f)(2)(C)(ii). See Dee-K Enterprises Inc. v. Heveafil Sdn. Bhd., 174 F.R.D. 376, 382 (E.D. Va. 1997).

Crown directs us to Jung v. Neschis, an unreported decision from the Southern District of New York in which the court concluded that Liechtenstein law prohibits service by methods other than letters rogatory. Civ. A. No. 01-6993, 2003 WL 1807202, *2-*3 (S.D.N.Y. Apr. 7, 2003). That holding was based entirely upon the declaration of the same individual now offering testimony here, namely, Mr. Wolf. In that case, the court did not independently consider the content of the underlying statute. Here we find the statute relating to service contradicts his conclusions. We conclude that service by international mail sent by the Clerk of this Court is not expressly prohibited by the law of Liechtenstein.

Crown also notes, however, that valid service requires a signed receipt for the package mailed by the Clerk. See Fed. R. Civ. P. 4(l); Marine Trading Ltd. v. Naviera Commercial Naylamp S.A., 879 F. Supp. 389, 392 (S.D.N.Y. 1995). Plaintiffs concede that no receipt for the Clerk's package was returned and that no other evidence exists as to whether Crown in fact received it. As such, plaintiffs have not properly made service under Rule 4(f)(2)(C)(ii).

Plaintiffs request in the alternative that we enter an order, nunc pro tunc, pursuant to Rule 4(f)(3) declaring valid their service of the summons and complaint via FedEx, which did result in a signed receipt. Rule 4(f)(3) permits service "by any other means, so long as not prohibited by international agreement, as the Court orders." Whether to allow an alternative method of serving process is committed to the district court's sound discretion. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002).

The Advisory Committee Notes appended to Rule 4(f)(3) state that "[i]nasmuch as our Constitution requires that reasonable notice be given, an earnest effort should be made to devise a method of communication that is consistent with due process and minimizes offense to foreign law."[3] Likewise, the United States Supreme Court has held that the method of service must provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).

There is nothing in the record that the Principality of Liechtenstein is party to any international agreement prohibiting

3. The Court of Appeals for the Ninth Circuit and other courts have held that ultimately, "service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." Rio, 284 F.3d at 1014; see also Mayoral-Amy v. BHI Corp., 180 F.R.D. 456, 459 n.4 (S.D. Fla. 1998).

service by registered mail. Moreover, as we concluded earlier, the law of the Principality does not expressly prohibit service by registered mail. As a result, an order pursuant to Rule 4(f)(3) approving service by registered mail will not offend foreign law. With respect to due process, Crown does not deny that it has signed for and accepted the FedEx package which, like the package sent by the Clerk of Court, contained both a summons and a copy of the complaint. Based on this information and the extensive briefing submitted on this issue, we have no doubt that Crown has been adequately notified of the pendency of the action.

The only remaining question is whether we may issue an order pursuant to Rule 4(f)(3) nunc pro tunc, thereby retroactively approving plaintiffs' attempt at service via FedEx. At least two federal district courts have entered orders precisely to that effect. See Igloo Prods. Corp. v. Thai Welltex Intern. Co., Ltd., 379 F. Supp. 2d 18, 20 (D. Mass. 2005); Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd., Civ. A. No. 03-8554, 2005 WL 1123755, at *4 (S.D.N.Y. May 11, 2005). The Court of Appeals for the Ninth Circuit, by contrast, has held that a plaintiff "must obtain prior court approval for the alternative method of serving process." Brockmeyer v. May, 383 F.3d 798, 806 (9th Cir. 2004). We have found no guidance on this question in the Advisory Notes to the Rule or in the applicable literature, and none of the cases listed above cites authority for its holding.

The facts of Brockmeyer differ starkly from those presented here. In Brockmeyer, the plaintiff obtained a default judgment against the defendant, a British corporation, after twice attempting service "simply [by] dropp[ing] the complaint and summons in a mailbox in Los Angeles, to be delivered by ordinary, international first class mail" to a post office box ostensibly belonging to the defendant in England. Id. at 809. The plaintiff did not receive a signed receipt for either package and the record is unclear as to whether the defendant ever received actual notice of the action against it at any point prior to entry of the default judgment.

In this case, plaintiffs have attempted alternative service upon Crown without prior court approval but in a manner that, for the reasons stated above, we find otherwise appropriate under Rule 4(f)(3). Crown has received a copy of the summons and complaint and has returned a signed receipt acknowledging that fact. In contrast to the Brockmeyer defendant, Crown has had the opportunity to voice its objections on the record and will be able to defend itself on the merits of the action.

If we applied the Brockmeyer holding, the sole effect would be to require plaintiffs to undertake the entirely redundant act of re-serving Crown in the same manner already undertaken. That result would be contrary to the mandate of Rule 1 of the Federal Rules of Civil Procedure, namely, that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Fed. R. Civ. P. 1. Consequently, we will enter an order nunc pro tunc authorizing alternative service via registered mail pursuant to Rule 4(f)(3).

We caution, however, that although the alternative service independently undertaken by plaintiffs here did not offend the law of a foreign country, in this case Liechtenstein, and complied with the requirements of due process, that may not always be true. Prudent plaintiffs will continue to seek prior approval of alternative service under Rule 4(f)(3) rather than gamble that such approval will be granted retroactively.

Accordingly, we will deny the motion of defendant Crown Finance Foundation insofar as it seeks to dismiss for failure to effect proper service and grant the cross-motion of plaintiffs Bruce S. Marks and Marks, LLC, doing business as Marks & Sokolov, LLC, to declare service valid nunc pro tunc pursuant to Rule 4(f)(3).